In the Matter of SHERWIN GROSSFIELD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1989

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*Sherwin Grossfield,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order, pursuant to section 603.4 (d) of the rules governing the conduct of attorneys of the Appellate Division, First Judicial Department (22

NYCRR), confirming a report of a Hearing Panel (Panel), which includes findings of fact, conclusions of law, and a recommendation that respondent, Sherwin Grossfield, Esq. (respondent), be publicly censured. In response to petitioner's motion, respondent contends, in substance, that it should be denied.

Respondent was admitted to practice in the First Judicial Department on November 10, 1947, and he maintained an office for the practice of law in the First Judicial Department during the period covered by the charges.

These disciplinary proceedings were commenced on or about October 30, 1986 by petitioner's service of a notice and statement of charges (Statement) upon respondent.

Initially, the Statement contained five charges, but, prior to the hearing discussed *infra,* the petitioner withdrew charge four.

The remaining four charges allege, in substance, that the respondent engaged in a series of personal financial transactions with three of his clients, Messrs. Howard Cohen, Fred Rogers, and Lawrence Rogers, which violated several disciplinary rules (DR) of the Code of Professional Responsibility (Code).

Charge one alleges, in substance, that respondent violated DR 5-101 (A) of the Code, by lending money to his clients, Messrs. Cohen and Fred Rogers, and collecting money owed to them in repayment of the debt, all while respondent had conflicting interests, failing to make disclosure to them of those interests, and failing to provide a proper accounting to them.

Charge two alleges, in substance, that respondent also violated DR 5-104 (A) of the Code, which governs business transactions between lawyer and client, when he engaged in the financial transactions referred to in charge one, *supra.*

Charge three (as amended) alleges, in substance, that respondent violated DR 5-104 (A) and DR 1-102 (A) (4) and (6) of the Code, by representing Mr. Lawrence Rogers regarding two security agreements, which secured separate loans made by respondent and Mr. Lawrence Rogers to Messrs. Cohen and Fred Rogers. Furthermore, this charge alleges respondent signed those security agreements, which subordinated Mr. Lawrence Rogers' claim to respondent's, as "attorney-in-fact" for Mr. Lawrence Rogers, without Mr. Lawrence Rogers' knowledge or consent.

Charge five alleges, in substance, that respondent violated DR 5-105 (B) of the Code, by simultaneously representing Messrs. Cohen and Fred Rogers as borrowers, and Mr. Lawrence Rogers as lender, with respect to the security agreements.

Respondent timely filed an answer to the four charges. In his answer, respondent alleged, in substance, as to charges one and two, he provided a full accounting of his collection activities to his clients, and he represented Messrs. Cohen and Fred Rogers in specific matters only, and not as to the subject loans; and, as to charge three, Mr. Lawrence Rogers had ceased to be his client long before the security agreements, and that he signed as Mr. Lawrence Rogers' "attorney-in-fact", on the representation of Mr. Fred Rogers, who is Mr. Lawrence Rogers' brother, that Mr. Lawrence Rogers had agreed with Mr. Fred Rogers, to give security agreement priority to respondent's claim. Furthermore, respondent denied the allegations contained in charge five.

The Panel heard evidence concerning the four charges on March 11, April 22, July 15, and September 30, 1987. At those sessions, the petitioner presented evidence against respondent, in the form of testimony and documents; and respondent, who represented himself, put in a defense, which included his own testimony. After the Panel received all of the evidence, it reserved decision. Subsequently, both the petitioner and respondent submitted briefs and reply briefs. Thereafter, in October 1988, the Panel determined that the charges were sustained in part, and then scheduled a hearing on the issue of sanction and mitigation, which took place on November 2, 1988.

Specifically, the Panel found (see, Report of the Panel [Report], dated Jan. 11, 1989, at 45-46):

"We sustain so much of Charge One as alleges that Respondent violated DR 5-101 (A) by collecting accounts receivable of his clients from 1982 to 1984 knowing that the amounts received were to be retained by him on account of a loan, without making disclosure to the clients of the potential for conflicts of interest which this activity raised. The remainder of Charge One is dismissed.

"We sustain so much of Charge Two as alleges that Respondent violated DR 5-104 (A) by making loans to his clients in 1980 and thereafter seeking repayment of the loans without making required disclosure to the clients of the potential for

conflicts of interest which these business transactions raised. The remainder of Charge Two is dismissed.

"We sustain so much of Charge Three, as amended, as alleges that Respondent violated DR 1-102 (A) (4) and 1-102 (A) (6) in the purported execution of the 1982 security agreements as 'attorney in fact' on behalf of Lawrence Rogers. The remainder of Charge Three is dismissed.

"Charge Five is dismissed in its entirety".

Upon the basis of the findings, *supra,* the Panel, with one member dissenting, who recommends respondent be suspended for six months, recommends that respondent be publicly censured. The Panel states, in pertinent part (Report, at 46-48):

"The course of conduct outlined in our findings * * * sets forth Respondent's continuing failure to meet the responsibilities imposed on an attorney who would enter into a business transaction with a client. We conclude that the cumulative effect of those failures warrants a public sanction * * *.

"Our recommendation of censure, rather than a more severe sanction, is based in part upon a significant mitigating factor, that: Respondent, in a career at the Bar spanning forty (40) years, has had no prior involvement with the disciplinary process * * *. We also note (i) the Staff has not demonstrated that Respondent has been untruthful in his testimony; (ii) our belief that this lengthy disciplinary proceeding has had a chastening effect upon the Respondent; and (iii) the lack of clarity of the Disciplinary Rules violated by Respondent. Nevertheless, Respondent violated the rules governing attorney-client relationships in a significant manner and executed two legal documents without authority, conduct warranting a public sanction".

Based on our review, of the more than 500-page transcript, and of the exhibits admitted into evidence, we are persuaded that overwhelming evidence supports the findings of the Panel, as to the charges and DR violations that were sustained.

Under all of the circumstances, we agree with the Panel that a public censure is the appropriate sanction for the misconduct at issue.

We have examined the papers in support of respondent's opposition to the petitioner's motion, and find them to be without merit.

Accordingly, the motion of the petitioner to confirm the

Hearing Panel Report is granted in its entirety, and the respondent is censured.

ROSS, J. P., MILONAS, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Petition granted in its entirety and respondent is censured.