[636 NYS2d 342]

In the Matter of JAMES P. DUGAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 25, 1996

### APPEARANCES OF COUNSEL

*Erania Ebron-Fubara* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, James P. Dugan, was admitted to the practice of law in the State of New York by the First Judicial Department on December 9, 1957 and was admitted to the practice of law in the State of New Jersey in 1959.

By petition dated August 28, 1995, the Departmental Disciplinary Committee for the First Judicial Department (the Committee) seeks an order, pursuant to 22 NYCRR 603.3, publicly censuring respondent predicated upon the fact that he was similarly disciplined by the New Jersey Supreme Court.

By letter dated July 5, 1989, a former client of respondent filed a grievance with the District IX Ethics Committee (DEC), which led to a formal complaint being filed on December 6, 1990 against respondent and another member of the firm in which respondent worked. The complaint asserts that respondent violated New Jersey Rules of Professional Conduct (RPC) rules 1.7 (a) and 1.8 (a) in that he represented two parties with actual or potentially adverse interests.

Respondent answered the complaint and appeared *pro se* at hearings conducted by the DEC in February and March 1992. Initially, the DEC dismissed the complaint but, upon appeal by the former client, the Disciplinary Review Board reversed the DEC's finding and recommended public reprimand based upon respondent's violation of RPC 1.7 (a).* After conducting a hearing, in which respondent was represented by counsel, the New Jersey Supreme Court upheld the Review Board's decision to publicly reprimand respondent.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent has raised no defense under 22 NYCRR 603.3 (c) (1) as he was provided with sufficient notice and an opportunity to be heard; he submitted an answer to the complaint; and he participated in the hearings. Respondent has also failed to raise a defense under 22 NYCRR 603.3 (c) (2) as the New Jersey Supreme Court's findings of misconduct are clearly supported

---

* The Review Board agreed with the DEC's finding that RPC 1.8 (a) was inapplicable.

by the record, which includes documentary evidence and the testimony of witnesses present at the hearings.

Lastly, respondent has failed to raise a defense under 22 NYCRR 603.3 (c) (3) as the conduct for which he was disciplined in New Jersey in violation of RPC 1.7 (a) constitutes misconduct under Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24).

Since respondent has failed to oppose the Committee's petition, and no defense is discernible, the petition is granted. With regard to the issue of sanctions, it is a generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*Matter of Reiss*, 119 AD2d 1, 6). Further, this Court has imposed public censure where it has found, *inter alia*, violations of DR 5-101 (A) (22 NYCRR 1200.20; *see*, *Matter of Grossfield*, 150 AD2d 139; *Matter of Ryan*, 189 AD2d 96).

Accordingly, the petition is granted and the respondent is censured.

ELLERIN, J. P., WALLACH, ROSS, NARDELLI and TOM, JJ., concur.

Petition granted, and respondent censured.