In the Matter of ARTHUR D. REISS (Admitted as ARTHUR DAVID REISS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 31, 1986

### APPEARANCES OF COUNSEL

*Kim D. Ringler* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Arthur D. Reiss,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

This is an application by the Departmental Disciplinary Committee to impose disciplinary sanctions based upon an order of the New Jersey Supreme Court, entered January 8, 1986, which, after a hearing before the New Jersey Disciplinary Review Board, suspended respondent from the practice of law in New Jersey for a period of one year, effective January 27, 1986.

Respondent was admitted to practice as an attorney and counselor-at-law in this Department on December 13, 1965. He has also been admitted in New Jersey and Connecticut, has not practiced law in this State for several years and states he has no plans to do so in the future.

Following a hearing, the New Jersey Supreme Court found that he had committed professional misconduct in disregarding conflicts of interest, usurping a corporate opportunity of a client, preferring himself as a creditor, improperly maintaining escrow funds and using such funds to exact a legal fee, commingling trust and business funds, maintaining improper trust account records, filing a false certification with the court and improperly communicating with an adverse party who, at the time, had been represented by counsel.

The New Jersey findings related to three separate complaints of misconduct. The first concerned respondent's retention to form a corporation to develop real estate in New Jersey. When Reiss expressed an interest in participating in the venture, it was agreed that he would receive a share in his wife's name and would do the legal work without compensation. As a result, he incorporated Four Square Builders, Inc. Subsequently, Reiss learned of a parcel of land, which he considered appropriate for Four Square, but the contract was contingent upon the purchaser's ability to subdivide the property into three lots. Respondent suggested that, since he had located the property, he should receive a greater share of the profits. This was rejected by the others and, when the application to subdivide was denied, Reiss took the deal for himself, formed Timberland Corporation, with his wife as sole stockholder, and filed an amended application to subdivide the property into two lots, listing Timberland as successor to Four Square. When the application was granted, he told the others that Four Square could buy back the project from him on a 40-30-30 split. In the New Jersey disciplinary proceedings, respondent was charged with creating a conflict of interest in regard to the foregoing and in appropriating a corporate opportunity for his own benefit.

In October 1980, respondent received $2,737.28 as proceeds of a civil action which he had brought on behalf of Four Square and which he deposited into his trust account, disbursing $1,500 to himself in payment of a loan which he had made to the corporation. The New Jersey Supreme Court found that the payment had been made without authority and, in doing so, respondent acted improperly in not turning over the funds to the corporation but instead, in making distribution through his trust account to other corporate creditors and in preferring himself as a creditor in the distribution of such funds.

The second complaint related to respondent's representation of Supro-Paint Corp. and its owner, Patricia Berman, at a time when Reiss was also attorney for Pur-All, a major creditor of Supro-Paint. Reiss' father-in-law, Rubin Chaleff, was a principal of Pur-All. When Reiss undertook to represent Berman, he did not advise her of any possible or actual conflict of interest, although at the time, Supro-Paint owed Pur-All about $70,000. The services performed by respondent included negotiations for the sale of real property, during which Reiss reminded Berman that there was an outstanding obligation to his father-in-law, Chaleff. Subsequently, Berman

hired a new attorney, but only after respondent had negotiated a contract which included a provision for Reiss to hold a $50,000 deposit in escrow, pending the closing.

The New Jersey disciplinary proceeding resulted in a finding that respondent had improperly deposited the funds into an interest-bearing account under his own Social Security number and, prior to closing, refused to release the deposit unless his fee was paid. After negotiations, the parties agreed upon a fee of $6,500, $5,000 of which was paid by Berman and the balance from accrued interest. Subsequently, Reiss represented Pur-All in an action against Supro-Paint and Berman, personally, to collect the outstanding obligation owed to Pur-All. Respondent was also charged with having filed a false certification with the New Jersey Superior Court in which he swore that he had never represented Supro-Paint, which was perjurious and in direct conflict with his prior statements.

The New Jersey Disciplinary Review Board found that there had been a conflict of interest in respondent representing both Berman and Chaleff, which was aggravated by the subsequent action brought by Pur-All against Berman. It also determined that respondent acted improperly in failing to turn over the $50,000 deposit and that he had filed a false certification with the court. A subsequent audit of his books disclosed that he did not maintain his client-trust ledger in accordance with New Jersey court rules, frequently used trust accounts for personal business and commingled client and personal funds, in violation of New Jersey Code of Professional Responsibility, DR 9-102 (C) and Rules Governing the Courts of the State of New Jersey rule 1:21-6.

The third complaint pertained to respondent's representation of Gloria Sammarco in a matrimonial action. After her ex-husband, Stephen, had been ordered to pay the wife's counsel fees in the sum of $815, Mr. Sammarco's attorney advised Reiss that payment would be made at a rate of $25 per month for one year and $100 per month thereafter. When Mr. Sammarco's check in the sum of $25 was rejected, respondent returned it to Mr. Sammarco, demanded full payment and threatened a wage execution. No copy of the letter was sent to Sammarco's attorney, which respondent claimed was an oversight. After receipt of the letter, Mr. Sammarco, allegedly unable to reach his own attorney, telephoned respondent. Although it is claimed that Reiss told him he did not want to speak to him, they talked for an hour. Inasmuch as respondent knew that, at the time, Mr. Sammarco was represented

by counsel, it was concluded that this amounted to a violation of New Jersey Code of Professional Responsibility DR 7-104 (A) (1).

In opposition to this application, respondent has interposed a defense based upon 22 NYCRR 603.3 (c) (2), and requests a hearing on his contention that there was an infirmity of proof in the New Jersey proceeding, sufficient to reject the New Jersey findings on the issue of misconduct. For the most part, respondent challenges the finding as to the second complaint, dealing with his representation of Supro-Paint and Pur-All and the $50,000 deposit. Respondent refers to documentary proof to show that the deposit was not placed in an interest-bearing account under his own Social Security number, but instead, was deposited in an account entitled "Arthur D. Reiss, P.A., Trust Account", opened under the corporation's employer's I.D. number, with earned interest included in the corporation's 1983 corporate tax return. This was reflected in an audit conducted by the New Jersey District Ethics Committee, which showed that there were no disbursements from the account until after the $50,000 had been disbursed at closing, less the agreed upon fee of $5,000 plus accrued interest of $1,500. Reiss claims that the funds were never in any greater risk than if they had been placed in a noninterest-bearing account and further, the deposit permitted interest to be earned until the closing, at which time it was applied to the benefit of the seller.

With respect to the charge that he had improperly commingled funds, he states that the only other funds in the account were a $25,000 deposit which he received from the sale of his wife's property and which had to be held in trust, and two legal fees in the total sum of $4,000, which were placed in the account to earn interest until transfer to respondent's regular account. Any personal disbursements were from his own funds.

Ordinarily, a hearing would be required under 22 NYCRR 603.3 (b), on respondent's verified statement interposing a defense provided by section 603.3 (c). While respondent has addressed only the second complaint, clearly, this was the more serious charge. As to the complaint relating to Four Square and respondent's diversion of a corporate opportunity, to the extent Reiss was a principal of the corporation from whom an opportunity had been appropriated, although this could give rise to civil liability in an action by the other principals, it does not warrant the more severe disciplinary

sanction sought by the Departmental Disciplinary Committee. The record reflects that each of the principals of Four Square was to contribute services, for which they were to receive no compensation and, it was in that context that respondent performed the legal work for the corporation. As to the Sammarco complaint, while there was an improper communication with an adverse party, respondent has offered an explanation, albeit insufficient as a defense under section 603.3 (c). In lieu of a hearing, he requests that we impose the same penalty as that directed by New Jersey, suspension for a one-year period, effective January 27, 1986.

On review of the entire record and under all the circumstances, we agree that the sanction to be imposed should be coextensive with that directed by the New Jersey Supreme Court. In doing so, we are mindful of the fact that New Jersey, where respondent lives and practiced law, has the greatest interest in the issue and the public policy considerations relevant to such disciplinary action. Therefore, we concur in the findings of professional misconduct by the New Jersey Supreme Court and adopt the punishment meted out by that State as appropriate in the circumstances.

Accordingly, we conclude that respondent should be suspended from the practice of law in this State for a period of one year, effective January 27, 1986 and until further order of this court.

KUPFERMAN, J. P., ROSS, CARRO, KASSAL and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective January 27, 1986, and until the further order of this court.