In the Matter of LUIS OSCAR BELTRE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 1991

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Luis Oscar Beltre,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Luis Oscar Beltre, appearing in this matter *pro*

*se,* was admitted to the practice of law by the First Judicial Department on January 18, 1982. Since June of 1986 respondent has maintained an office for the practice of law within the First Judicial Department. The respondent was also admitted to the practice of law in New Jersey and Florida in 1982.

By petition dated August 13, 1990, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3, suspending the respondent from the practice of law in New York based on the fact that he was disciplined by the Supreme Court of New Jersey. By order entered June 5, 1990, the Supreme Court of the State of New Jersey suspended the respondent from the practice of law in that State for three months, based on the findings of the Disciplinary Review Board that the respondent: (1) practiced law in New Jersey while on that State's "ineligible list"; (2) failed to maintain trust and business accounts in compliance with that State's rules of practice; (3) failed to meet the *"bona fide* office requirements" of that State's rules of practice; (4) failed to cooperate in the ethics proceeding and failed to cooperate in the ethics committee investigation; and (5) failed to satisfy a lien notwithstanding his receipt of escrow funds for that purpose.

The petitioning Departmental Disciplinary Committee herein indicates that the respondent although personally served with the committee's petition in this proceeding on August 28, 1990 has failed to interpose a response. In addition it should be noted that the respondent failed to inform the committee of the disciplinary action taken against him in New Jersey in violation of this court's rule 22 NYCRR 603.3 (d).

22 NYCRR 603.3 (a) generally provides that this court may discipline an attorney who has been disciplined in another State or territory based on the conduct which gave rise to the discipline imposed in the foreign jurisdiction. While the majority of the offenses for which the respondent was disciplined in New Jersey are peculiar to that State and therefore do not constitute violations of this State's disciplinary rules, respondent's neglect of a legal matter and failure to cooperate with the disciplinary authorities in New Jersey clearly would be violations in this State as is his failure to advise this Department's Disciplinary Committee of the disciplinary action taken against him in New Jersey.

In determining the measure of discipline in this reciprocal disciplinary proceeding, this court is mindful of the measure of discipline imposed in this State for such conduct had it taken place here, and of the generally accepted principle that the State where the respondent lives and practices law has the greater interest in the particular matter and the public policy considerations relevant to disciplinary action *(see, Matter of Reiss,* 119 AD2d 1).

In view of the nature of the respondent's misconduct in New Jersey, and the fact that the Supreme Court of New Jersey did not impose a lengthy suspension for respondent's conduct, it appears that suspension of the respondent would, in this case, be unduly harsh. However, respondent's conduct does warrant disciplinary action by this court.

Accordingly, the application of the Departmental Disciplinary Committee is granted only to the extent that the respondent is hereby publicly censured.

MURPHY, P. J., KUPFERMAN, ROSS, ELLERIN and SMITH, JJ., concur.

Application of the Departmental Disciplinary Committee is granted only to the extent that the respondent is publicly censured.