In the Matter of RONALD I. PARKER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 25, 1991

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Ronald I. Parker, was admitted to the practice

of law in the State of New York by the Appellate Division, First Judicial Department, on January 30, 1978. Since 1984 he was admitted to practice in New Jersey.

By petition, filed with this court on February 14, 1991, the Departmental Disciplinary Committee (DDC) of this Department seeks an order pursuant to 22 NYCRR 603.3 suspending Ronald I. Parker, Esq. from the practice of law in this State based upon discipline ordered by the New Jersey Supreme Court on June 12, 1990.

The basis for the New Jersey discipline is the report and recommendation of the New Jersey Disciplinary Review Board that respondent be suspended from the practice of law in New Jersey for a period of six months, effective June 29, 1990. The findings were adopted by the Supreme Court of New Jersey.

The findings in New Jersey originated from respondent's acceptance of a retainer to represent a client in a divorce proceeding. Thereafter, respondent made himself unavailable and unresponsive to his client, never initiated divorce proceedings and failed to return the retainer. Respondent further failed to reply to inquiries from the District Ethics Committee and failed to appear at the proceedings before a Hearing Panel.

We find that the misconduct, of which respondent was found guilty in New Jersey, also constitutes misconduct in this State. Respondent's misconduct is similar to, *inter alia,* a violation of DR 6-101 (A) (3) of the Code of Professional Responsibility, to wit, a lawyer shall not neglect a legal matter entrusted to him and DR 7-101 (A) (2), a lawyer shall not fail to carry out a contract of employment entered into with a client for professional services. In addition respondent has violated 22 NYCRR 603.3 (d) in that he failed to advise either the DDC or the court of the discipline imposed in New Jersey.

Respondent, although given due notice, has failed to interpose a response and has apparently abandoned the practice of law in New York and has moved to Atlanta, Georgia.

In reciprocal discipline cases, such as this, it is generally accepted that the State where respondent lives and practices law has the greatest interest in the issue and the public policy considerations relevant to such disciplinary action *(Matter of Reiss,* 119 AD2d 1, 6). In addition, respondent's failure to cooperate or appear in the New Jersey proceedings, as well as his default in the New York proceedings and his failure to

notify the court of the discipline imposed in New Jersey are aggravating factors which warrant the imposition of a suspension.

Accordingly, we grant the DDC's application and suspend respondent from the practice of law in New York for a period of six months predicated upon the discipline imposed by the New Jersey Supreme Court in its order, filed June 12, 1990, and until further order of this court.

ROSENBERGER, J. P., KUPFERMAN, ROSS, KASSAL and RUBIN, JJ., concur.

Petition granted and respondent suspended from the practice of law for a period of six months, effective August 26, 1991, and until the further order of this court, as indicated.