[603 NYS2d 154]

In the Matter of WALTER G. PERRY (Admitted as WALTER GORDON PERRY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 1993

## APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Walter G. Perry,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Walter G. Perry was admitted to the practice of

law by the First Judicial Department on December 9, 1957 under the name Walter Gordon Perry.

Petitioner Departmental Disciplinary Committee, by petition dated May 13, 1993, seeks an order suspending respondent for a period of five years pursuant to 22 NYCRR 603.3 based on disciplinary action taken by the Supreme Court of Minnesota on December 31, 1992, imposing an identical sanction. Respondent was admitted to the Minnesota Bar in February 1986 after moving to that State to work for a corporate employer.

The Minnesota disciplinary proceedings arose out of respondent's actions with respect to a trust, funded with the proceeds of his father's estate and naming his mother as settlor, of which respondent was cotrustee with his mother. Respondent drafted the trust agreement in May 1987 in New Jersey, where his mother resided until the spring of 1989. Following a brief stay with her daughter in Kentucky, she moved to Minnesota to live with respondent and his family in July 1989. In the year prior to her death in September 1991, she was hospitalized several times as a result of episodes of severe depression and hallucinations.

Following respondent's retirement from his corporate position in late 1988, he and his wife purchased a TCBY yogurt franchise. In January 1989, respondent transferred $115,000 in trust assets to acquire a certificate of deposit for the trust. In November 1989, an additional $175,000 was used to purchase a second certificate of deposit. Both certificates were pledged by respondent as security for personal loans in connection with the yogurt business, which ultimately failed.

Upon respondent's default in payment on the loans, a lawsuit was initiated, in February 1991, by the First Bank of Cold Spring seeking a declaration that the certificates were security for the delinquent debts. By order dated July 18, 1991, the Stearns County District Court removed respondent, who had represented that he was the attorney for the trust, as its trustee.

At the subsequent disciplinary proceedings, it was found by the Referee that respondent acted as attorney for his mother in connection with the trust; that he failed to explain that acting as her fiduciary was a direct conflict of interest, while pledging trust assets and expending trust funds to further his own business interests; that such conduct involved dishonesty and misrepresentation; and that respondent failed to maintain

proper records and to render accountings, as required by the terms of the trust agreement. The Supreme Court of Minnesota declined to adopt the Referee's recommendation that respondent be disbarred in view of various mitigating circumstances, including the care provided by respondent to his mother, the lack of previous disciplinary action against him, respondent's cooperation with the investigation and his expression of remorse for his actions. Instead, the court suspended respondent from the practice of law for a period of five years for violation of Minnesota Rules of Professional Conduct §§ 1.4, 1.7 (b) and § 8.4 (c).

Pursuant to this ruling, petitioner Departmental Disciplinary Committee seeks imposition of a similar penalty by this Court. Petitioner asserts that, pursuant to 22 NYCRR 603.3 (c), respondent has raised no defense which necessitates a hearing in this matter and, in addition, notes that respondent failed to notify the Court of the suspension ordered by the Minnesota Supreme Court (see, 22 NYCRR 603.3 [d]).

We find no merit to any of the purported defenses advanced by respondent. His contention that he was deprived of due process was raised in the context of the Minnesota proceedings and resolved against him. In any event, it cannot be said that the procedure employed in that jurisdiction "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" (22 NYCRR 603.3 [c] [1]). The testimony and documentary evidence amply support the findings of the Minnesota Supreme Court that respondent failed to inform his mother of the conflict of interest inherent in his representation of the trust and that he engaged in acts of dishonesty and misrepresentation by, *inter alia,* pledging trust assets as collateral for personal debt. Respondent conceded that $432,385 in trust funds were applied to his personal business. These acts violate, respectively, the disclosure provisions of Code of Professional Responsibility DR 5-101 (A) and the proscription against engaging in conduct involving "dishonesty, fraud, deceit, or misrepresentation" (Code of Professional Responsibility DR 1-102 [A] [4]). Therefore, respondent has established no defense which would require a hearing pursuant to 22 NYCRR 603.3 (c).

In considering the appropriate sanction to be imposed, it is generally accepted, in reciprocal disciplinary cases such as this, that the State where a respondent lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relating to

disciplinary action *(see, Matter of Reiss,* 119 AD2d 1). In view of the serious nature of the misconduct involved, to wit, respondent's abuse of his position as attorney and fiduciary of a family trust in order to attain personal financial benefit, we conclude that a five-year suspension is an appropriate sanction.

Accordingly, the Departmental Disciplinary Committee's petition should be granted and respondent suspended from the practice of law for a period of five years pursuant to 22 NYCRR 603.3.

MURPHY, P. J., CARRO, ELLERIN, ROSS and RUBIN, JJ., concur.

Petition is granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of five years, effective December 9, 1993, and until the further order of this Court.