[647 NYS2d 726]

In the Matter of DANIEL N. HOFFMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 8, 1996

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Daniel N. Hoffman was admitted to the practice

of law in the State of New York by the First Judicial Department on June 23, 1959. He was also admitted to practice as an attorney and counselor-at-law in the State of California.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for 30 days based upon the fact that he was similarly disciplined by the Supreme Court of the State of California, or, in the alternative, sanctioning respondent as this Court deems appropriate.

In support of its petition, petitioner has shown that, by order dated January 25, 1995, the California Supreme Court suspended respondent from the practice of law for two years, stayed the suspension, placed him on probation for two years, and actually suspended him for 30 days. It also ordered that he comply with the conditions of probation, including restitution, and take and pass the California Professional Responsibility Examination within one year of the date of the order. The grounds for this sanction were respondent's failure to honor an arbitration award to refund unearned fees to a client, failure to refund unearned fees when he failed to complete divorce proceedings for a client, failure to return unearned fees when he was dismissed by clients, failure to provide an accounting of unearned fees and delay in refunding unearned fees, and failure to respond to letters from the State Bar Investigators.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

The evidence presented demonstrates clearly that respondent has no defense under paragraphs (1) and (2) of this rule, as he was provided with adequate notice and the findings of misconduct are fully supported by the record. Moreover, the misconduct for which respondent was disciplined clearly con-

stitutes misconduct in this jurisdiction. First, respondent was found to have violated California Rules of Professional Conduct rule 3-110 (A), which provides that a member of the Bar shall not "fail to perform legal services with competence." This provision is analogous to Code of Professional Responsibility DR 6-101 (A) (1) (22 NYCRR 1200.30), which provides that a lawyer shall not handle a legal matter which the lawyer knows or should know that he is not competent to handle, without associating with a lawyer who is competent to handle it, and DR 6-101 (A) (3), which provides that a lawyer shall not neglect a legal matter entrusted to the lawyer.

Respondent was also found to have violated California Rules of Professional Conduct rule 3-700 (A) (2), which provides that a member shall not withdraw from employment without taking steps to avoid prejudice to the rights of clients. This provision is analogous to Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15), which provides that a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client.

Respondent was also found to have violated California Rules of Professional Conduct rule 3-700 (D) (2), which provides that a lawyer withdrawing from employment shall "[p]romptly refund any part of the fee paid in advance that has not been earned." This provision is analogous to Code of Professional Responsibility DR 2-110 (A) (3), which provides that a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

Respondent was also found to have violated California Rules of Professional Conduct rule 4-100 (B) (3), requiring an attorney to maintain complete records of all client funds and "render appropriate accounts to the client regarding them". This provision is analogous to Code of Professional Responsibility DR 9-102 (C) (3) (22 NYCRR 1200.46), which provides that a lawyer shall "maintain complete records of all funds, securities, and other properties of a client or third person coming into the possession of the lawyer and render appropriate accounts to the client or third person regarding them."

Respondent was also found to have violated California Business and Professions Code § 6068 (i), which imposes a duty on attorneys "[t]o cooperate and participate in any disciplinary investigation * * * pending against the attorney." This is analogous to 22 NYCRR 603.4 (e) (1) (i), which authorizes the suspension of an attorney based upon the "attorney's default

in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding."

Finally, respondent was found to have violated California Business and Professions Code § 6068 (m), which requires an attorney to respond promptly to reasonable status inquiries of clients "and to keep clients reasonably informed." In this State, failure by attorneys to communicate with clients concerning the status of their cases has been held to violate Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (3) (22 NYCRR 1200.32).

Since no defense exists, the Committee's petition for an order pursuant to 22 NYCRR 603.3 should be granted. With regard to sanction, it is generally accepted that the State where the attorney lived and practiced law at the time of the offense has the greatest interest in the issue, including the public policy considerations relevant to the disciplinary action, and the sanction that it imposed will strongly influence this Court in determining a sanction (see, Matter of Reiss, 119 AD2d 1, 6).

Accordingly, respondent should be suspended from the practice of law for 30 days in accordance with the discipline ordered in California and be reinstated at the end of that period upon a showing that he has complied with the conditions imposed by the California court.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of 30 days, effective November 8, 1996, and until the further order of this Court as indicated.