[678 NYS2d 632]

In the Matter of JAMES P. BRENNAN (Admitted as JAMES PHILIP BRENNAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 1998

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James P. Brennan was admitted to the practice

of law in the State of New York by the First Judicial Department on August 7, 1989, as James Philip Brennan, and to the New Jersey Bar in 1986, where he currently resides.

By petition dated June 15, 1998, the Departmental Disciplinary Committee (DDC) seeks an order (22 NYCRR 603.3) suspending respondent from the practice of law in New York for a six-month period as a result of respondent's suspension from the practice of law by the New Jersey Supreme Court for a six-month period, commencing April 20, 1998, by order entered March 25, 1998. That suspension was imposed as a sanction for respondent's false and misleading statement to a client charged with driving while intoxicated (DWI), for a fee of $1,500, he could remove the client's driving abstract from the municipal court file to conceal the existence of the client's prior DWI conviction. Respondent did not remove the abstract from the file, but did admit that he had misrepresented to the prosecutor and the court that the instant charge was his client's first DWI offense. DDC now seeks a reciprocal sanction.

In a reciprocal disciplinary proceeding, the respondent's defenses are limited to those specified in 22 NYCRR 603.3 (c): lack of notice or an opportunity to be heard constituting a due process violation; infirmity of proof; or that the misconduct leading to discipline in the foreign jurisdiction does not constitute misconduct in this jurisdiction. Our review of the record indicates that respondent was provided notice and an opportunity to be heard in the New Jersey disciplinary proceeding but elected not to contest the allegations. Further, the specified New Jersey disciplinary charges would constitute a violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), prohibiting an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and DR 1-102 (A) (8), prohibiting conduct that adversely reflects on the attorney's fitness to practice law. Recognizing that the State where respondent lived and practiced law at the time of the violation has the greatest interest in determining a disciplinary sanction (*Matter of Reiss,* 119 AD2d 1, 6), we suspend respondent from the practice of law for a six-month period to accord with the discipline imposed by the New Jersey Supreme Court, effective immediately.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of six months, effective immediately.