[694 NYS2d 36]

In the Matter of SEAMUS TUOHEY (Admitted as SEAMUS MICHAEL TUOHEY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 29, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael Chertoff* of counsel (*Latham & Watkins,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Seamus Tuohey was admitted to the practice of law in the State of New York by the First Judicial Department on May 3, 1982, as Seamus Michael Tuohey. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On or about July 2, 1997, respondent pleaded guilty in the United States District Court for the District of New Jersey to failure to file a corporate tax return for 1991, in violation of 26 USC § 7203, which is a misdemeanor under the United States Code. Respondent was sentenced on or about October 24, 1997 to five years probation with the condition that he reside for one month in a community corrections center or halfway house; that he then be confined to his residence for five months; that he provide the Probation Office with full disclosure of his financial records; and that he pay a fine of $5,000.

By order entered January 30, 1998, this Court granted the petition of the Departmental Disciplinary Committee for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and the Rules of this Court (22 NYCRR) § 603.12 (b); and directing respondent pursuant to Judiciary Law § 90 (4) (g) to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

At a hearing before a Referee, testimony was heard from respondent on his own behalf and from character witnesses. In a report dated August 19, 1998, the Referee recommended that respondent be publicly censured. A Hearing Panel confirmed the report by a determination dated October 2, 1998.

In determining an appropriate sanction, the Referee took into account mitigating circumstances. Respondent, who has been practicing law for 16 years, has no disciplinary record and is presently a partner in a New Jersey law firm. In his pre-sentencing interview with the Probation Officer, respon-

dent attributed his failure to file the required tax return to his tendency to procrastinate. Rather than filing for an extension or negotiating a payment plan, respondent explained he was financially strapped at the time and "simply didn't face up to my problem." The Referee also took into account the testimony of respondent's sister regarding his personal problems. Respondent's minor children had moved to Florida in 1990 with their mother, and respondent's father, who lived in Rochester, suffered a stroke in late 1991. Finally, respondent assumed full responsibility for his crime. He has since filed his 1991 corporate and 1991 amended personal tax returns and has paid the additional Federal and State tax due and owing.

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact, conclusions of law and recommendation as to sanction set forth in the Referee's report, as confirmed by a Hearing Panel. Respondent has submitted an affirmation in support of the Committee's motion.

Since the making of the motion by the Departmental Disciplinary Committee, this Court has been advised that the Supreme Court of New Jersey has suspended respondent from the practice of law, effective February 9, 1999, for a period of six months and until further order of the Court. New Jersey has the greatest interest in the issue involved and the public policy considerations relevant to such disciplinary action (*see, Matter of Reiss*, 119 AD2d 1, 6), warranting the imposition of reciprocal discipline by this Court. We therefore adopt the sanction imposed by the New Jersey Supreme Court as appropriate under the circumstances.

Accordingly, the Committee's motion for an order confirming the Referee's recommendation, as confirmed by the Hearing Panel, should be denied, and respondent suspended from the practice of law in this State for a period of six months, retroactive to February 9, 1999, and until reinstatement by the New Jersey Court.

NARDELLI, J. P., TOM, WALLACH, LERNER and RUBIN, JJ., concur.

Motion granted to the extent of confirming the findings of fact and conclusions of law of the Referee, as confirmed by the Hearing Panel, and disaffirmed as to the recommended sanction of public censure and respondent suspended from the practice of law in the State of New York for a period of six

months, retroactive to February 9, 1999, and until reinstatement by the Supreme Court of New Jersey, all effective immediately.