[701 NYS2d 354]

In the Matter of SUSAN L. FARRINGTON (Admitted as SUSAN LIM FARRINGTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 6, 2000

## APPEARANCES OF COUNSEL

*LaTrisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Law Offices of John R. Gulash, Jr.* and *Eugene R. Riccio* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Susan L. Farrington was admitted to the

practice of law in the State of New York by the First Judicial Department on January 11, 1993. She was also admitted to practice as an attorney and counselor-at-law in Connecticut.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to 22 NYCRR 603.3, suspending respondent, predicated upon the fact that she was similarly disciplined by the Superior Court of Connecticut for a two-year period.

By stipulation dated July 6, 1999, and approved by the Connecticut Superior Court, respondent and the Statewide Grievance Committee agreed that respondent shall be suspended from the practice of law for two years for violating rule 8.4 (2), (3) and (4) of the Connecticut Rules of Professional Conduct. That disciplinary action was predicated upon respondent's admitted conduct in writing and sending a series of anonymous letters to local government officials, State agencies and local clubs, containing untruthful allegations against the complainant and her family.

It is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see*, *Matter of Reiss*, 119 AD2d 1, 6). Here, respondent does not dispute that she has no viable defenses pursuant to 22 NYCRR 603.3. Rather, she limits her opposition to a request that the Court apply the two-year suspension retroactively, so that it is deemed to have commenced on the effective date of the Connecticut suspension, July 6, 1999. She particularly points out that she resigned from her position as an Assistant State's Attorney on July 31, 1996, and has voluntarily refrained from practicing law since that time, and that she has fully complied with the court's requirements of community service, counseling and psychiatric evaluation.

However, it would be inappropriate to impose respondent's two-year suspension nunc pro tunc, inasmuch as respondent neglected to notify this Court or the Departmental Disciplinary Committee at the time of her suspension, as required by 22 NYCRR 603.3 (d).

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of two years, effective immediately.

WILLIAMS, J. P., ELLERIN, LERNER, RUBIN and SAXE, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof, and until the further order of this Court.