[720 NYS2d 445]

In the Matter of CHARLES E. MEADEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 9, 2001

### APPEARANCES OF COUNSEL

*James T. Shed* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Linda Wong* of counsel (*Wong Fleming, P. C.*, attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Charles E. Meaden was admitted to the practice

of law in the State of New York by the First Judicial Department on March 1, 1982. He was also admitted to practice as an attorney and counselor-at-law in New Jersey. He currently maintains a practice as an attorney and counselor-at-law with an office in New Jersey.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to 22 NYCRR 603.3 suspending respondent for three years, predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey.

By order filed July 18, 2000, the Supreme Court of New Jersey suspended respondent from the practice of law for three years, effective August 11, 2000, with certain additional conditions for his reinstatement, based upon the findings of its Disciplinary Review Board that he had violated New Jersey Rules of Professional Conduct (RPC), rule 8.4 (b), (c) and New Jersey Rules of Court, rule 1:20-13 (a) (1).

In April 1996, respondent was indicted on criminal charges of attempted receipt of stolen property, based upon his use of a fictitious name and a stolen credit card to attempt to steal approximately $5,800 worth of golf clubs. Respondent was accepted into a pretrial intervention program, through which the charges were ultimately disposed and expunged. Respondent did not inform the Office of Attorney Ethics (OAE) of the criminal charges; however, on May 6, 1997, the OAE filed a complaint against him. At a hearing before a District Ethics Committee Hearing Panel on March 4, 1998, respondent admitted to the underlying attempted theft; in addition, the evidence also revealed that respondent had failed to disclose his psychiatric history on seven handgun applications dating from 1994-1996, and these new facts led to the service of an additional complaint containing two more counts charging violations of RPC 8.4 (c). Respondent then appeared with counsel before the Disciplinary Review Board for oral argument. The Board sustained the charges and the sanction recommended by the Hearing Panel.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State.

Respondent has no viable defense under 22 NYCRR 603.3 (c) (1), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter (see, Matter of Terzis, 274 AD2d 230). The loss of the recorded transcript of the original hearing does not demonstrate a violation of his due process rights, particularly in view of the rehearing held on October 14, 1999.

Review of the evidence presented in the hearing conducted before a District Ethics Committee establishes that there was no infirmity of proof such as would provide respondent with a successful defense under 22 NYCRR 603.3 (c) (2). The findings ultimately made by the New Jersey Supreme Court were fully supported by the record. We reject respondent's suggestion that the expungement of the criminal charges of attempted receipt of stolen property prevents the court from making findings based upon the same underlying facts. Nor did the evidence of respondent's psychiatric history and the effects of his various medications constitute a defense to the charges.

Finally, respondent lacks a viable defense under 22 NYCRR 603.3 (c) (3), inasmuch as the misconduct for which he was disciplined by the Supreme Court of New Jersey constitutes misconduct in this State. Respondent's attempt to steal $5,800 worth of golf equipment by use of a stolen credit card number, which constitutes a violation of New Jersey's RPC 8.4 (b), also constitutes a violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3). This is true regardless of whether the respondent was actually convicted of the crime (see, Matter of Wong, 275 AD2d 1). Similarly, the failure to disclose his psychiatric condition on handgun permit applications constitutes a violation of DR 1-102 (a) (4), which prohibits "conduct involving dishonesty, fraud, deceit, or misrepresentation."

It is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (see, Matter of Reiss, 119 AD2d 1, 6), and this Court normally adopts the sanction imposed by the respondent's home jurisdiction (see, Matter of Gifis, 259 AD2d 105, 107). Respondents's misconduct warrants a suspension consistent with the conditions imposed by the New Jersey Supreme Court.

Accordingly, the petition should be granted and respondent suspended from the practice of law for three years or a period consistent with that imposed by New Jersey, whichever is longer, and any application for reinstatement to this Court should

be conditioned upon respondent's prior reinstatement by the New Jersey Supreme Court.

NARDELLI, J. P., WILLIAMS, MAZZARELLI, ELLERIN and SAXE, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of three years or a period consistent with that imposed by New Jersey, whichever is longer, effective February 8, 2001, and until the further order of this Court, as indicated.