[730 NYS2d 496]

In the Matter of FLORRIE L. WERTHEIMER (Admitted as FLORRIE LEVINSON WERTHEIMER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 27, 2001

**APPEARANCES OF COUNSEL**

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Edward J. M. Little* of counsel (*Zuckerman Spaeder, L. L. P.*), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Florrie L. Wertheimer was admitted to the practice of law in the State of New York by the First Judicial Department on June 29, 1953, under the name Florrie Levinson Wertheimer. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee seeks an order from this Court, pursuant to the doctrine of reciprocal discipline, as set forth in 22 NYCRR 603.3, imposing whatever discipline it deems appropriate on respondent, predicated upon a public censure issued by the United States District Court for the Southern District of New York.

The Federal disciplinary action arose in the wake of a dispute over a retainer agreement between respondent and a former client, Timothy Walterscheit, who was injured in 1993 while working as a mate on a merchant vessel. On February 7, 1995, he hired respondent to prosecute a seaman's personal injury action on his behalf against Eklof Marine Corporation, the owner of the vessel. In relevant part, the retainer agreement provided that Walterscheit would pay respondent "all necessary disbursements and 33-1/3 percent of any proceeds recovered by way of suit, settlement, judgment, or verdict, in excess of any offer by Eklof before suit is instituted."

Ultimately, respondent obtained a settlement for her client totaling $1,250,000, after commencing a lawsuit against Eklof in the Southern District. Respondent deposited the settlement proceeds into her escrow account and retained $410,450.01 as her fee and expenses.

On August 8, 1997, Walterscheit filed an action against respondent, individually and against her firm, to recover compensatory and punitive damages on the ground that respondent breached their retainer agreement by taking an excessive fee. Specifically, Walterscheit claimed that, pursuant to the terms of the retainer agreement, respondent was only entitled to one third of the difference between any prelawsuit offers and the ultimate settlement amount.

Walterscheit alleged that there had been settlement offers prior to the commencement of the lawsuit, which he conveyed to respondent. Respondent denied that there were any such offers or that her client had conveyed any offers to her. After trial, the jury found that respondent was liable for breaching

the retainer agreement and for conversion and awarded Walterscheit $281,493.01 and punitive damages. A final judgment was entered against respondent in the amount of $426,869.33. Following entry of the judgment, respondent agreed to a payment schedule, which she has almost fully satisfied.

On June 8, 1999, respondent was served with an order to show cause directing her to show why discipline should not be imposed upon her by the Southern District pursuant to Local Civil Rule 1.5 (b) (5), which states that discipline may be imposed by the Southern District for any act committed before it which violates New York State Lawyer's Code of Professional Responsibility. By an answer dated June 24, 1999, respondent expressed deep remorse and explained that she initially believed that it was "permissible" to withdraw the funds. Respondent noted that she had contributed many hours of *pro bono* work and desired to continue to help the needy; that she had never before been disciplined in more than 40 years of practice; and that she needed to continue to practice law in order to satisfy the judgment in favor of her former client and to financially support her daughter and grandchild.

By order filed on or about October 8, 1999, the Southern District publicly censured respondent pursuant to Local Civil Rule 1.5 (b) and (c) (1) based upon the jury verdict in the Federal lawsuit. The court also advised respondent that suspension would be considered if she failed to comply with the payment schedule. As respondent has made payments according to the schedule, no further disciplinary action was taken in Federal court.

Respondent did not inform this Court of her public censure, as required by 22 NYCRR 603.3 (d). After learning of respondent's Federal disciplinary proceeding in the New York Law Journal, the Departmental Disciplinary Committee for the First Judicial Department commenced this proceeding seeking an order pursuant to the doctrine of reciprocal discipline and for appropriate discipline. Significantly, respondent admits the factual allegations contained in the petition and presents no affirmative defenses. Respondent solely argues, based on several mitigating circumstances, that this Court impose no greater sanction than the public censure already imposed by the Federal court. Since respondent presents no defense, that branch of the petition seeking an order pursuant to the doctrine of reciprocal discipline should be granted (*see*, *Matter of Thomas*, 239 AD2d 27).

In response to that branch of the petition which seeks ap-

propriate discipline, respondent points to her otherwise spotless, nearly half-century career as a member of the Bar; her contrition; her *pro bono* work; and her inability to honor her repayment agreement with her former client if her only means of earning a living is taken away at her advanced age.

While we are not bound by the disciplinary measure imposed by the District Court, we agree that censure is the appropriate sanction under the particular circumstances of this case. Specifically, this is an isolated event arising out of a single fee dispute of an otherwise legal fee. In addition, once the underlying fee dispute was resolved, respondent immediately cooperated with her former client's present attorney to establish a payment schedule, and her cooperation has continued with both disciplinary authorities (*see, Matter of Einhorn*, 88 AD2d 95 [75-year-old respondent with unblemished record conditionally censured for withdrawing funds out of frustration due to client's failure to pay fee, but funds kept intact and identifiable]; *Matter of Donohue*, 77 AD2d 112 [censure in misappropriation case where matter financially resolved to satisfaction of all parties and respondent was candid in his testimony]; *contrast, Matter of Harley*, 283 AD2d 234 [interim suspension ordered—pending final sanction—where respondent fraudulently altered retainer agreement to enhance his fee illegally and failed to satisfy any portion of judgment obtained by clients for breach of retainer agreement and for conversion]).

Accordingly, in view of respondent's age, her otherwise unblemished career of almost 50 years, her repeated and sincere remorse and shame, her cooperation with her adversary and two disciplinary authorities, and the fact that she is only able to repay her former client, as well as support her own family, as long as she is still able to practice law, we find that a public censure is sufficient and the most appropriate sanction.

Therefore, the petition for reciprocal discipline should be granted, and respondent censured.

SULLIVAN, P. J., ROSENBERGER, WALLACH, FRIEDMAN and MARLOW, JJ., concur.

Petition granted and respondent publicly censured.