[763 NYS2d 247]

In the Matter of MICHAEL G. PAUL (Admitted as MICHAEL GENE PAUL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 24, 2003

### APPEARANCES OF COUNSEL

*Nicole Corrado* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Edwards & Angell, LLP,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael G. Paul was admitted to the practice of

law in New York State by the Third Judicial Department on June 23, 1992, under the name Michael Gene Paul and, at all times relevant to this petition, has maintained an office for the practice of law within this Department. He was also admitted to practice as an attorney and counselor-at-law in New Jersey and Pennsylvania.

The conduct which formed the basis for respondent's suspension was his arrest on May 18, 2000 and subsequent prosecution for possession of cocaine in violation of New Jersey Statutes Annotated § 2C:35-10 (a) (1), based on an incident in which he sought the assistance of another individual in obtaining cocaine, which the individual then delivered to respondent at the latter's office. Upon successful completion of a pretrial intervention program for a period of 12 months, which included mandatory attendance at outpatient substance abuse counseling, the New Jersey Superior Court dismissed the complaint against respondent on March 15, 2002. In an order filed June 28, 2002, after the Office of Attorney Ethics and respondent signed a stipulation of discipline by consent, the Supreme Court of New Jersey suspended respondent for a period of three months, effective July 1, 2002. The suspension was based on respondent's violation of New Jersey Rules of Professional Conduct rule 8.4 (b) (commitment of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness). By order entered October 8, 2002, respondent was restored to the practice of law in New Jersey.

The Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.3, suspending respondent for three months, predicated on similar discipline imposed by the Supreme Court of New Jersey, or, in the alternative, imposing whatever discipline this Court deems appropriate. Respondent does not oppose the imposition of reciprocal discipline, but requests that it be limited to a public censure.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*Matter of Meaden*, 280 AD2d 30 [2001]). As noted, respondent does not assert any defenses in response to the petition.

In support of a lesser sanction than that imposed by the New Jersey Supreme Court, respondent argues that approximately

30 days after the effective date of his suspension the Court amended its rules to permit probation or a suspended suspension for an attorney on probation (New Jersey Rules of Court rule 1:20-15A [eff Sept. 3, 2002]), whereas at the time of his suspension, three months was the mandatory minimum. In addition, respondent urges that had the misconduct underlying his suspension occurred in New York, he would not have been suspended (*Matter of Hildebrand*, 221 AD2d 85 [1996]) and that the United States District Court for the Eastern District of Pennsylvania recommended that respondent receive a private reprimand, even though it took into consideration that the Pennsylvania Supreme Court had imposed discipline identical to that imposed in New Jersey. Respondent also relies on his successful rehabilitation and other mitigating circumstances, including his cooperation with the criminal justice and disciplinary authorities, in support of his request for a lesser sanction.

We agree that a three-month suspension is the appropriate sanction. It is generally accepted that the state where the respondent lived and practiced law at the time of the misconduct has the greatest interest in the sanction imposed (*Matter of Reiss*, 119 AD2d 1, 6 [1986]). There are no compelling circumstances in this case that warrant a departure from this principle.

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of three months, and until further order of this Court.

BUCKLEY, P.J., NARDELLI, MAZZARELLI, SULLIVAN and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective nunc pro tunc to July 1, 2002, and until the further order of this Court.