[825 NYS2d 478]

In the Matter of H. ALLEN WHITEHEAD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Jerome Karp, P.C.*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent H. Allen Whitehead was admitted to the practice of law in the State of New York by the Third Judicial Department on May 13, 1997. At all times relevant to this proceeding, he maintained an office for the practice of law within this Department. He was also admitted to the practice of law in the District of Columbia in 1991, and in the State of Maryland in 1973.

The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.3, sanctioning respondent, predicated upon discipline issued by the Court of Appeals of Maryland (390 Md 663, 890 A2d 751 [2006]) based upon misconduct which occurred in the District of Columbia (863 A2d 820 [DC 2004]).

Respondent was disbarred by the District of Columbia, on consent, following commencement of an inquiry into (1) his payment to himself of a legal fee, without prior court approval, from the funds of a disabled individual over which he was appointed conservator, and (2) his entering into a self-dealing mortgage investment transaction, using the funds of his ward for his own purchase of real property, for which he gave the ward's estate a mortgage, earning the ward's estate $139,852 over three years. Since respondent consented to disbarment in the District of Columbia before formal charges were even served, based solely upon his affidavit admitting that he had violated applicable law by paying himself legal fees without prior authorization, and had been remiss in failing to familiarize himself with the applicable law, the record of proceedings in that jurisdiction is very sparse. Accordingly, the Committee relies upon a reciprocal discipline proceeding thereafter conducted in Maryland, in which a more extensive review and analysis of the underlying documents and submissions was undertaken. The Committee acknowledges the unusual nature of basing an application for reciprocal discipline not upon the action taken in the jurisdiction where the misconduct occurred, but upon the determination of the derivative order of a sister state which incorporated the finding of the jurisdiction where the misconduct occurred.

The Court of Appeals of Maryland, in a 4-3 decision, held that reciprocal discipline required deference only in regard to the

sister state's factual findings, and that it must then impose a sanction consistent with similar cases in its own jurisdiction. Noting that the District of Columbia proceedings had not established that respondent's improper taking of fees was intentional, and that in fact respondent had performed the work to earn those fees, the court concluded that the appropriate sanction, comporting with comparable Maryland cases, was imposition of an indefinite suspension with the right to reapply after 18 months. The Maryland court particularly emphasized that no findings were made in the District of Columbia matter regarding the allegations of self-dealing in respect to the mortgage transaction; accordingly, it declined to consider those allegations in arriving at its determination.

New York's court rule authorizing reciprocal discipline, 22 NYCRR 603.3, provides that upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised by the respondent are (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Meaden*, 263 AD2d 67 [1999]).

Respondent has presented no showing supporting any of the available defenses under 22 NYCRR 603.3, nor does this Court perceive any basis for such defense. Respondent conceded culpability in the District of Columbia, and was provided with more than sufficient notice and opportunity to be heard in the Maryland matter (*see* 22 NYCRR 603.3 [c] [1]), and there was no infirmity of proof (*see* 22 NYCRR 603.3 [c] [2]). Indeed, the underlying conceded misconduct, the unauthorized taking of fees, even if inadvertent, constitutes misconduct in New York as well (*see* 22 NYCRR 603.3 [c] [3]). Accordingly, in the absence of any defense, the petition for imposition of reciprocal discipline should be granted.

In deciding on the appropriate sanction in reciprocal discipline matters, it is generally accepted that the state where the misconduct occurred has the greatest interest in the sanction imposed (*see Matter of Paul*, 308 AD2d 23 [2003]). However, when the sanction in the home state deviates significantly from our precedent, this Court has departed from that general policy of deference (*see Matter of Lowell*, 14 AD3d 41 [2004], *appeal dismissed* 4 NY3d 846 [2005]). Here, there are two sanctions offered for purposes of reciprocal discipline. Respondent requests

that this Court impose a sanction reciprocal to that imposed by the Maryland court, namely suspension for a period of 18 months.

The disbarment imposed on consent in the District of Columbia would be excessive based upon the facts and findings established here. Indeed, in this state, if the sole misconduct was an isolated incident consisting of a nonvenal but unauthorized invasion of funds entrusted to an attorney, resulting from the attorney's failure to familiarize himself with the proper procedures by which to obtain a fee award, the sanction would likely consist of a public censure or, possibly, a short suspension (*see e.g. Matter of Dalley*, 16 AD3d 90 [2005]; *Matter of Cohen*, 12 AD3d 29 [2004]; *Matter of Wertheimer*, 286 AD2d 44 [2001]; *Matter of Fong*, 308 AD2d 19 [2003]).

However, notwithstanding absence of findings in the District of Columbia regarding respondent's self-dealing conduct in the mortgage investment transaction, and despite the decision of the Court of Appeals of Maryland to limit the relied-upon facts to the formal findings issued in the District of Columbia, we need not ignore those additional facts which were admitted by respondent in arriving at the appropriate sanction. Importantly, respondent does not deny the mortgage transaction, which self-dealing in our view serves as an aggravating factor. The sum total of the facts and findings here justify imposition of a suspension equal to that imposed in Maryland—a period of 18 months.

Accordingly, the petition should be granted and respondent suspended from the practice of law in the State of New York for a period of 18 months and until further order of this Court.

ANDRIAS, J.P., SAXE, FRIEDMAN, GONZALEZ and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, effective January 12, 2007 and until further order of this Court.