[836 NYS2d 580]

In the Matter of WENDY B. MORGAN (Admitted as WENDY WEIS-
MAN BENJAMIN), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, May 22, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the First Judicial Department on February 27, 1978 under the name Wendy Weisman Benjamin. She was admitted to the practice of law in Arizona on December 20, 1994.

In April 1999, a disciplinary proceeding was commenced against respondent in Arizona. During the pendency of that proceeding, on March 23, 2001, the Disciplinary Commission in Arizona temporarily transferred respondent to disability inactive status, and on August 7, 2001, she was permanently transferred to such status for an indefinite period. On May 6, 2003, respondent moved for reinstatement, and on April 20, 2004, the Supreme Court of Arizona reinstated respondent as a member of the Arizona bar, with terms of probation. The parties filed a tender of admissions and agreement for discipline by consent, and, in a report dated June 28, 2004, a hearing officer recommended that the tender of admissions be accepted. Thereafter, on January 10, 2005, the Supreme Court of Arizona reinstated respondent to active status, subject to terms of probation, and suspended her for six months, retroactive to the date she was initially placed on disability inactive status.

Respondent's suspension was based on conduct which occurred between 1998 and 2000, specifically, neglecting to follow client directions in a matrimonial matter, failing to manage properly and overdrawing on her attorney trust account, being involved in a conflict of interest in a matrimonial case, giving a false answer in a state bar investigation related to that case, a shoplifting incident and failing to segregate and remit fees to a predecessor attorney. Respondent admitted that she engaged in the charged misconduct and agreed that the sanction was appropriate. According to the Arizona hearing officer's report, the misconduct occurred in the context of challenging personal and emotional problems; the hearing officer noted that respondent had worked diligently to overcome her disability and had made a "timely good faith effort to . . . rectify the consequences of her misconduct."

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3, retroactively suspending respondent for six months predicated on the discipline imposed by the Arizona Supreme Court. The only defenses that may be raised by the respondent in a reciprocal discipline proceeding are a lack of notice constituting a deprivation of due process, an infirmity of the proof presented to the foreign jurisdiction, or that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York (22 NYCRR 603.3; *Matter of Whitehead*, 37 AD3d 86, [2006]). Respondent has not appeared in this proceeding, and it does not appear that any of the available defenses can be raised. As noted, respondent admitted her misconduct and agreed to the sanction imposed.

Accordingly, the petition for reciprocal discipline should be granted and respondent suspended from the practice of law in the State of New York for a period of six months, retroactive to March 23, 2001, and until further order of this Court.

SAXE, J.P., SULLIVAN, WILLIAMS, SWEENY and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, nunc pro tunc to March 23, 2001 and until further order of this Court.