[948 NYS2d 262]

In the Matter of H. ALLEN WHITEHEAD, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

Respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent H. Allen Whitehead was admitted to the practice of law in the State of New York by the Third Judicial Department on May 13, 1997. He was also admitted to the practice of law in the District of Columbia in 1991, and in the State of Maryland in 1973. He was disbarred, on consent, from the District of Columbia bar (*see Matter of Whitehead*, 863 A2d 820 [DC 2004]), suspended and subsequently disbarred from the Maryland bar (*see Attorney Grievance Commn. v Whitehead*, 405 Md 240, 265, 950 A2d 798, 813 [2008]), and is currently suspended in this state by order of this Court in the context of a previous reciprocal discipline proceeding (*see Matter of Whitehead*, 37 AD3d 86 [2006]). The foregoing determinations all arose out of respondent's misuse of the proceeds of a medical malpractice settlement awarded to a disabled ward for whom he had been appointed conservator by the Superior Court of the District of Columbia.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on April 10, 2012, states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that the Committee has opened an investigation into his professional misconduct based on his disbarment in Maryland, and (3) if a reciprocal disciplinary proceeding were brought predicated upon the Maryland charges, he would be unable to successfully defend himself (*see* 22 NYCRR 603.11 [a] [1]-[3]). Because his affidavit complies with section 603.11, the Committee's motion is granted.

Accordingly, respondent's resignation from the practice of law should be accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to April 10, 2012.

GONZALEZ, P.J., ANDRIAS, SAXE, FRIEDMAN and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 10, 2012.